UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA J. GILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 08 C 6193 |
| | ) | |
| ALEXANDER S. MICHALAKOS, | ) | |
| DELPHIN E. MELCHOR and | ) | |
| ANGELA J. MELCHOR, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Alexander S. Michalakos ("Michalakos") to dismiss Plaintiff Lisa Gillard ("Gillard")'s five-count complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted.

## **BACKGROUND**

Gillard filed the present five-count complaint *pro se* on October 29, 2008, asserting that Michalakos violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Delphin Melchor and Angela Melchor are also named as defendants but have not been served.

According to the allegations contained in the complaint, which we must accept as true for purposes of this motion, Gillard entered into an agreement with the Melchors to lease a condominium they owned from October 1, 2006, to September 30, 2007. From what we discern from the allegations of the complaint, Gillard was to secure financing to lease the condominium. However, she acknowledges that some amount of rent went unpaid although she does not specify that amount. She was evicted on August 8, 2007, and ordered by an Illinois state court to pay the Melchors $17,375. Michalakos represented the Melchors in the eviction case and filed a citation to discover Gillard's assets after judgment was entered. Gillard complied with the court's citation order by disclosing her assets, including her personal bank account. The court imposed a lien on that bank account at Michalakos's request. Gillard challenged the imposition of the lien before the state court after it was imposed but the state court determined that the lien was not improper.

Approximately one month later, Gillard claims that she was assaulted while riding a Chicago Transit Authority ("CTA") bus. Her complaint asserts that the defendants were responsible for the assault. As a result of the assault and the lien on her bank account, Gillard filed suit invoking this court's jurisdiction pursuant to the FDCPA, §§ 1692(a), 1692(d), 1692(e)(7), 1692(f), and 1692(k), claiming that

Michalakos employed abusive collection practices in collecting past due rent that Gillard owed the Melchors.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To state a claim on which relief can be granted, a plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). However, a pleading need only convey enough information to allow the defendant to

understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

With these principles in mind, we turn to Michalakos's motion.

## DISCUSSION

In these counts, Gillard alleges that Michalakos violated 15 U.S.C. § 1692d, 1692e(7), and 1692(f).[1] Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Gillard claims that Michalakos violated this section through his alleged involvement with the assault on the CTA bus. Next, she states that Michalakos is liable under § 1692e(7), which holds a debt collector accountable for making "the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." Finally, Gillard asserts that Michalakos violated § 1692f, which states that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Gillard claims that the imposition of the lien and the assault on the bus give rise to causes of action under these sections against Michalakos.

---

[1] Gillard's complaint includes two separate counts under 15 U.S.C. §§ 1692(a) and 1692(k). Section 1692(a) is a definition section and § 1692(k) refers to damages. Since neither section provides a private right of action, they are dismissed for failing to state a cause of action.

**I.  Lien on Personal Bank Account**

The crux of Gillard's complaint is premised upon the fact that she perceives Michalakos employed an unconscionable means by which to collect the debt when he requested that the court impose a lien on her personal bank account.  In opposition to her allegations, Michalakos asserts that the placement of an allegedly illegal lien does not violate 15 U.S.C. § 1692f because he obtained a court order to do so.

In order to be subject to liability under the FDCPA, Michalakos must have done more than simply be connected to the collection of a debt as those terms are understood in general parlance; he must satisfy the statutory definition of a debt collector.  The FDCPA considers a person a debt collector only when he or she "uses...interstate commerce or the mails in any business *the principal purpose of which* is the collection of any debts, or *regularly collects or attempts to collect*, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added).  Gillard's complaint does not provide any assertion that Michalakos is involved with a business whose principal purpose is debt collection or that he regularly engages in collection activities.  Her allegations instead pertain only to his involvement in one collection matter, which is insufficient

to permit a reasonable inference that Michalakos qualifies as a debt collector under the FDCPA.

In addition, Gillard contends that the lien imposed upon her bank account was unfair and unconscionable in violation of 15 U.S.C. § 1692f. However, the Seventh Circuit recently rejected this argument by holding that § 1692f does not affect the ability of a state court judge to decide how a state court judgment is to be collected. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 475 (7th Cir. 2007). If Gillard disagreed with the state court's decision, the proper venue to raise a challenge would be through the review of the appropriate state appellate court, not to bring a suit in federal court under the FDCPA. As a result, the lien imposed on Gillard's account does not qualify as an unfair or unconscionable act as that term is used in § 1692f, rendering it insufficient to provide a basis upon which relief could be granted to her under the FDCPA.

In Count III, Gillard alleges that Michalakos also violated 15 U.S.C. § 1692e(7) by placing the lien on her bank account. Nowhere in her complaint does Gillard say whether Michalakos represented that she committed a crime. Accordingly, this allegation is dismissed for its legal insufficiency.

## II. Assault

Michalakos contends that the assault claim in Count II should be dismissed because it is improperly pled against unidentified defendants. In her complaint, Gillard seems to contend that this assault occurred to harass her in connection with collecting her past due rent in violation of § 1692d. While she does not state how Michalakos participated in the assault, she perceives that he was somehow involved with the assault. Gillard does not state that Michalakos assaulted her or was present when it occurred. Instead, she asserts he knew or reasonably should have known that the assault would occur. To survive a Rule 12(b)(6) motion, a plaintiff is required to provide sufficient factual detail to apprise the defendant of the claim against him and to raise her right to relief above the speculative level. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65. The complaint identifies the physical and emotional harm Gillard suffered as a result of the assault, but does not offer any facts about the incident on the bus that lead us to infer that Michalakos was involved with the assault in any way. Since Gillard does not explain how or to what extent Michalakos contributed to the assault, she has not sufficiently stated facts necessary to raise her claim above the speculative level for purposes of a Rule 12(b)(6) motion. Accordingly, Count II is dismissed for her failure to state a cognizable claim.

## CONCLUSION

Based on the foregoing, Michalakos's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:   July 15, 2009